No. 904

GOBEILLS et v. WHEELAN, Admr.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7834. Decided Oct. 31, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

1223. VACATION—Granting that void order might be set aside after term, on motion of parties aggrieved, such judgment could not be so set aside except when record, upon its face, disclosed elements which renders it void.

Error to Common Pleas.

Judgment affirmed.

D. M. Bader, Cleveland, for Gobeills et.
Smith Olds, Smith & Shepherd, Cleveland, for Wheelan.

STATEMENT OF FACTS.

In June, 1912, Mary Wheelan, Administratrix, recovered a judgment in the Court of Common Pleas against D. T. Palmer, which judgment has been kept alive by writ of execution. In May, 1926, Wheelan began proceedings in aid of execution, naming the Union Trust Company as garnishee. Service was made and a hearing had before a referee who filed his report. The referee's report shows that Palmer was the beneficiary of an income under the will of T. D. Palmer, that said income was, by the terms of said will, due and payable every two years after the death of the testator; that there was due and payable to Palmer from said trust fund, in August, 1926,

the sum of $640, subject to additional income and expenses.

The Court approved the referee's report and in June, 1926, entered a decree and ordered the garnishee to pay Wheelan, on Aug. 4, 1926, the amount due and payable to Palmer. On the 23rd day of July, 1926, Palmer died. On Aug. 25, 1926, plaintiffs in error, being the heirs at law of Palmer, filed their motion to vacate said decree, upon the theory that, the beneficiary having died before the date provided in the will for the distribution of the income, there could be nothing due to said beneficiary, Palmer; whereupon defendant in error filed a motion to strike from the files, the motion of plaintiffs in error, on the ground that, said motion to vacate being made after term, did not comply with 11631 G. Upon hearing the court was of the opinion that the motion did not conform to said section, and overruled it.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

LEVINE, J.

Plaintiff in error places his entire reliance upon the claim that the judgment or order of court was void, for the reason that, under the provisions of General Code, only money belonging to the judgment debtor or any money due him, may be subjected to the payment of a judgment by proceedings in aid of execution; that on the date when the order was made, Palmer had no money due him; that the court is only authorized to reach out and take property belonging to the judgment creditor or money due him at the time of service, and, it appearing that he had no property at that time, and that there was no money due him at that time, therefore the court was powerless to make the order which it did. In brief, it is the contention of plaintiff in error that, having relied upon the ground that the order of the court was wholly void, that the same could be reached by motion, citing opinion of Wilkin, J., Common Pleas, reported in the Law Reporter of Aug. 31, 1925.

Conceding, for the sake of argument, that a void order may be set aside after term on motion of the party aggrieved, it must be added that this is only true when the record, upon its face, discloses the elements which render the order complained of wholly void.

In order to sustain the contention of the plaintiff in error, the court necessarily would have to take into consideration the matters set forth in the motion to vacate. It does not otherwise appear upon the record. Accordingly, it is our opinion that sections 11631 and 11634 are clearly applicable to the case at bar, and that the Common Pleas was correct in holding that the order complained of cannot be vacated on motion.

(Sullivan, PJ., and Vickery, J., concur.)